[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Leonard Sain appeals his classification as a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. The adjudication stemmed from an earlier jury trial in which he was found guilty of the rape and abduction of a thirty-year-old woman. On November 21, 1979, he was sentenced to a lengthy prison term.
Following a November 9, 2000, hearing, the trial court found that Sain was a sexual predator. See R.C. 2950.09(C). Raising a single assignment of error, Sain now contends that his sexual-predator adjudication is contrary to the manifest weight of the evidence.
At the hearing, the state offered into evidence the indictment and judgment entry from the earlier offenses, a list of Sain's prior convictions, including a 1974 conviction for robbery, the grand-jury testimony of the victim and of the arresting officer, and an institutional summary report prepared by the Department of Rehabilitation and Corrections which included a psychological evaluation. Sain's counsel told the trial court that Sain had been a good prisoner and had participated in various substance-abuse education programs while in prison. Denying that he had committed the crimes for which he was convicted, Sain refused to participate in prison programs for sexual offenders. Neither Sain nor the state offered expert testimony or requested a continuance to obtain a current psychiatric or psychological examination. See, e.g., State v. Glover (Feb. 16, 2001), Hamilton App. No. C-000396, unreported.
The record demonstrates that the trial court faithfully observed the three essential objectives in the model created in State v. Eppinger,91 Ohio St.3d at 166, 743 N.E.2d at 888-889. It created an adequate record for review by enumerating the evidence upon which it based its decision. We note, however, the exhibits admitted by the trial court were not contained in the record transmitted for review. See App.R. 9(B).
Furthermore, even though neither party requested an expert, other criteria was before the trial court to assist it in predicting the future behavior of Sain. Finally, the trial court considered the statutory factors listed in R.C. 2950.09(B)(2) and discussed on the record the particular evidence and those factors upon which it relied in adjudicating Sain a sexual predator. The trial court found that Sain, then twenty-five years old, exhibited cruelty in the sexual attack on his victim, that he had previously been convicted of robbery, and that he had committed various offenses, including fighting, while incarcerated.
After reviewing the evidence of the sexual offense committed upon the victim, which reflected that she was bound and beaten before being raped, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or conviction that Sain was likely to commit another sexual offense. Consequently, there was clear and convincing evidence that Sain is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.